**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-6283**

———————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

LINWOOD LEE RUFFIN, a/k/a Lenny,

                                    Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  T. S. Ellis III, District
Judge.  (1:99-cr-00024-TSE)

———————————

Submitted: April 20, 2006          Decided: April 26, 2006

———————————

Before MICHAEL, KING, and DUNCAN, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Linwood Lee Ruffin, Appellant Pro Se.  Sonya LaGene Sacks, OFFICE
OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Linwood Lee Ruffin seeks to appeal the district court's order denying relief on his Fed. R. Civ. P. 60(b) motion, which the district court properly construed as a successive 28 U.S.C. § 2255 (2000) motion. An appeal may not be taken from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and conclude Ruffin has not made the requisite showing.

Additionally, we construe Ruffin's notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). To obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously

- 2 -

unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(C), 2255 (2000). Ruffin's claim does not satisfy either of these conditions.

For these reasons, we deny a certificate of appealability, decline to authorize Ruffin to file a successive § 2255 motion, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED